IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY SESSION, 1997

FILED

September 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9610-CR-00371 |
| | ) | |
| Appellee, | ) | SULLIVAN COUNTY |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | HON. FRANK L. SLAUGHTER, JUDGE |
| ROBERT M. SNEED, | ) | |
| | ) | (DUI SECOND OFFENSE; |
| Appellant. | ) | DRIVING ON REVOKED LICENSE) |

FOR THE APPELLANT:

GREGORY D. SMITH
Attorney at Law
One Public Square, Suite 321
Clarksville, TN  37040
(On Appeal)

STEPHEN M. WALLACE
District Public Defender

RICHARD A. TATE
Assistant Public Defender
P.O. Box 839
Blountville, TN  37617-0839
(At Trial and On Appeal)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SARAH M. BRANCH
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243-0943

H. GREELEY WELLS, JR.
District Attorney General

ROBERT H. MONTGOMERY, JR.
Assistant District Attorney General
P.O. Box 526
Blountville, TN  37617-0526

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Robert M. Sneed, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Following a jury trial in the Criminal Court of Sullivan County, the Defendant was convicted of driving under the influence, second offense, and driving on a revoked license, second offense. The trial court sentenced Defendant to serve eleven (11) months, twenty-nine (29) days for each conviction. These sentences were ordered to be served concurrently. In his sole issue on appeal, the Defendant argues the evidence was insufficient to sustain a verdict of guilty beyond a reasonable doubt of second offense DUI. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to

support the verdict returned by the trier of fact.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court.  State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence.  Cabbage, 571 S.W.2d at 835.  A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State.  Grace, 493 S.W.2d at 476.

On October 28, 1995, at approximately 11:15 p.m., Brian Taylor, a Kingsport police officer, observed a car speeding along North Eastman Road in Kingsport, Tennessee.  The speed limit on North Eastman Road is 30 miles per hour and Officer Taylor estimated the car to be traveling approximately 40 to 45 miles per hour.  As Officer Taylor followed the car, he noticed that it was "operated in a jerky fashion."  Officer Taylor said that the car jerked two or three times while driving along the road.  In addition, its left turn signal was on the entire time.  He followed the car for approximately four blocks along North Eastman Road until it turned left onto East Sevier Avenue.  At that point, Officer Taylor turned on the blue lights on his vehicle to signal the car to stop.  The car continued on for approximately 100 yards before turning left into Ormond Drive and stopping.

As Officer Taylor approached the Defendant's vehicle, he noticed there was only one person inside the car.  Officer Taylor testified he could "smell

the alcohol coming from the car." At this point he asked Defendant for his driver's license but was informed he didn't have it with him. Officer Taylor asked Defendant to step out of his car. As he did, Officer Taylor observed that Defendant used the car door to balance himself. Officer Taylor also noticed "the odor of alcohol about his person after he was out of the car." Defendant told Officer Taylor that he had just gotten out of bed. Officer Taylor said that Defendant's speech was slurred. Later, Defendant told the officer that he had been at Skoby's Restaurant but had not been drinking.

Officer Taylor asked Defendant whether he had any physical problems that would affect his performance on any field sobriety tests, to which Defendant replied that he did not. Then, Officer Taylor asked Defendant to perform field sobriety tests. First, Defendant performed the thumb to finger test, but was unable to say the numbers and touch his fingers in the correct order. Second, Defendant performed the heel-to-toe test, during which he could not walk heel-to-toe and lost his balance at least three times.

On the basis of Defendant's driving and performance on these tests, Officer Taylor concluded that he was driving under the influence of an intoxicant and arrested him. Defendant refused to submit to a blood test to determine his blood alcohol concentration.

Charles Baker, a Kingsport police officer, testified that on October 28, 1995, he arrived on the scene as a backup officer. He stood two feet away from Officer Taylor and Defendant as Defendant performed the field sobriety tests. Officer Baker noticed that Defendant was unsteady on his feet, that he

touched the car to regain his balance, and that he smelled of alcohol. Officer Baker confirmed Officer Taylor's account of the tests. Based upon his observations of Defendant, Officer Baker also concluded that Defendant was under the influence of an intoxicant.

Defendant acknowledged that he may not have performed well on his field sobriety tests, and said at trial that "[i]f I'd a been the officer, I'd a probably arrested me, too." However, Defendant contends that he told Officer Taylor that he was dizzy, but that he did not explain the cause of the dizziness. He testified that his poor performance of the field tests resulted from his high blood pressure and the fact that he had been painting all day and inhaled the fumes from the paint. Defendant's brother, Larry Sneed, testified that on October 28, 1995, he painted his mother's house with Defendant. He said that he did not see Defendant drink any alcohol, but that Defendant did complain of dizziness.

Driving under the influence is defined in part as driving or being in physical control of an automobile on any of the public roads and highways of the State of Tennessee, or on any streets or alleys while under the influence of any intoxicant. Tenn. Code Ann. § 55-10-401(a)(1) (Supp. 1993). Therefore, the evidence must show that the offender: "(1) was in physical control of an automobile, (2) on a public road within the State of Tennessee, and (3) was under the influence of an intoxicant." State v. Waddey, C.C.A. No. 01C01-9508-CC-00245, Williamson County, slip op. at 3 (Tenn. Crim. App., at Nashville, July 5, 1996) (Rule 11 application not filed).

Taken in the light most favorable to the State, Defendant was driving his automobile on a public highway in Kingsport, Sullivan County, Tennessee, when he was stopped by Officer Taylor. The testimony of the police officers reflected that Defendant smelled of alcohol, had difficulty standing, had slurred speech, and was unable to perform field sobriety tests.

From the testimony at trial, the Defendant was clearly driving and in physical control of the car, clearly on a Tennessee public road, and clearly under the influence of an intoxicant. Following the conviction for DUI, the State introduced proof at a bifurcated hearing that Defendant had a prior conviction for DUI. There was no evidence which contradicted this proof. Therefore, the record supports Defendant's conviction for second offense DUI.

Defendant argues that driving under the influence is a crime requiring specific intent and that he did not have the requisite intent since he did not ingest any drug or alcohol, but instead took blood pressure medication and inhaled paint fumes.

However, in State v. Fiorito, this court held that "[t]here is no culpable mental state required for guilt of DUI." C.C.A. No. 03C01-9401-CR-00032, Blount County, slip op. at 3 (Tenn. Crim. App., at Knoxville, Nov. 27, 1995) (Rule 11 application not filed). Instead, the statute "prohibits driving while under the influence of any intoxicant," including medications. Tenn. Code Ann. § 55-10-401(a) (Supp. 1993). The jury was allowed to hear the testimony of Defendant and his brother that Defendant had not been drinking on the date of his arrest, and that any physical impairments he suffered must have been caused

by high blood pressure and/or being exposed to paint fumes.  By its verdict, the jury rejected the Defendant's version of the facts.  We may not reweigh or reevaluate the evidence.  <u>State v. Cabbage</u>, 571 S.W.2d at 835.

There was sufficient evidence for a reasonable trier of fact to find beyond a reasonable doubt that the Defendant was guilty of driving under the influence, second offense.  We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN K. BYERS, Senior Judge